UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATURE COAST COLLECTIONS, INC.,

       Plaintiff,

v.                                        Case No. 8:05-cv-2371-T-24MAP

CONSORTIUM SERVICE MANAGEMENT
GROUP, INC., DONALD S. ROBBINS and
GORDON W. ALLISON,

       Defendants.
_____/

**ORDER**

       This cause comes before the Court on Defendants', Consortium Service Management Group, Inc. ("CSMG"), Donald S. Robbins ("Robbins"), and Gordon W. Allison ("Allison"), motion to dismiss for lack of personal jurisdiction (Doc. No. 3).  Plaintiff filed a response in opposition thereto (Doc. No. 19).  With leave of the Court, Defendants filed a reply brief to Plaintiff's response (Doc. No. 28).  The Court held an evidentiary hearing on the motion on April 6, 2006.

    **I.**    **Background**

       Plaintiff Nature Coast Collections, Inc. is a Florida corporation.  Defendant CSMG is a Texas corporation with its principal place of business in Corpus Christi, Texas.  Defendant Robbins is President of CSMG and resides in Corpus Christi, Texas.  Defendant Allison was Executive Vice President of CSMG until January 2005 and currently serves on its board of directors and resides in Oklahoma City, Oklahoma.

       Sometime prior to May 2001, CSMG was in contact with Eric Byrne ("Byrne"), an

independent investment advisor, who represented Global Service Group ("GSG") a Florida corporation with offices in Tampa, Florida. Byrne's office was located in Corpus Christi, Texas. Byrne introduced Defendants to the principals of GSG ("the GSG Principals")[1].

Initial communications between CSMG and the GSG Principals were via telephone. Thereafter, Robbins traveled to Tampa, Florida at least twice[2] to meet with GSG with respect to GSG locating financing for CSMG. GSG introduced CSMG to Stonegate Management, Ltd. ("Stonegate"), a Costa Rican company, which ultimately provided financing to CSMG though a series of promissory notes. Stonegate transferred monies to CSMG via wire transfer. Simon Shaw ("Shaw") is the principal of Stonegate and resides in Costa Rica. Robbins communicated with Shaw via telephone or facsimile.

On or about May 28, 2001, Defendants executed a $115,000.00 promissory note/guarantee ("the $115,000.00 promissory note") in favor of Stonegate. Plaintiff alleges Defendants were obligated to pay back the total amount due, plus interest, on or before May 20, 2002. Defendants have not made any payments on the $115,000.00 promissory note.

On or about July 2 , 2001, Defendants executed a $362,000.00 promissory note/guarantee ("the $362,000.00 promissory note") in favor of Stonegate. Plaintiff alleges Defendants were obligated to pay back the total amount due, plus interest, on or before July 2, 2002. Defendants have not made any payments on the $362,000.00 promissory note.

On or about August 2, 2001, Defendants executed a $21,000.00 promissory note/guarantee ("the $21,000.00 promissory note") in favor of Stonegate. Defendants paid off

---

[1] Greg Guido, C.C. "Chip" Morgan, and Jim Bagwell.

[2] Once in 2000 and once in 2001 or 2002.

the $21,000.00 promissory note on August 13, 2002, by a check payable to Stonegate in the amount of $22,744.62 ("the August 13, 2002 check").  The August 13, 2002 check was sent to GSG's office in Tampa, Florida.

On or about August 20, 2001, Defendants executed a $53,000.00 promissory note/guarantee ("the $53,000.00 promissory note") in favor of Stonegate.  Plaintiff alleges Defendants were obligated to pay back the total amount due, plus interest, on or before August 19, 2002.  Defendants have not made any payments on the $53,000.00 promissory note.

On or about January 1, 2002, Defendants executed a $100,000.00 promissory note/guarantee ("the $100,000.00 promissory note") in favor of Stonegate.  Plaintiff alleges Defendants were obligated to pay back the total amount due, plus interest, on or before September 30, 2002.   Defendants have not made any payments on the $100,000.00 promissory note.

The promissory notes are form agreements which were filled in by Robbins and signed by Robbins and Allison in Texas.  The $362,000.00 and $100,000.00 promissory notes state that they "shall be construed, governed and enforced in accordance" with the laws of the State of Texas.  All of the promissory notes are silent as to the place of payment.

A Florida corporation, ExtracTech, was set up by GSG to raise funding for commercialization of CSMG's $CO_2$ technology[3].  CSMG was to "bring" its $CO_2$ technology and equipment to the project, and the promissory notes were to be "rolled into" the ExtracTech deal.  Ultimately, however, the ExtracTech transaction fell through.

---

[3] A landfill gas to energy project using CSMG's allegedly proprietary carbon dioxide removal and gas refinement machinery.

On August 29, 2005, Stonegate assigned Plaintiff "any and all rights of any kind it has" relative to the promissory notes for the amount of ten dollars (Doc. No. 2, Exh. A thereto). The assignment is signed by Shaw on behalf of Stonegate with a listed address of 1725 East 5th Ave, Tampa, Florida 33605. The listed address is the mailing address for Plaintiff.

On September 6, 2005, Plaintiff filed its complaint in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (Doc. No. 2). In the complaint, Plaintiff asserts claims for breach of contract (Counts I, III, V, and VII) and unjust enrichment (Counts II, IV, VI, and VIII)[4]. On December 28, 2006, Defendants filed a timely Notice of Removal, pursuant to 28 U.S.C. §§1332, 1441 and 1446 (Doc. No. 1).

## II.   Standard of Review

Whether the Court can exercise personal jurisdiction over a nonresident defendant involves a two-part analysis. See Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990); Cable/Home Communication Corp. v. Network Prods. Inc., 902 F.2d 829, 855 (11th Cir. 1990); Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc., 896 F. Supp. 1190, 1192 (M.D. Fla. 1995). First the Court considers whether Florida's long-arm statute, Florida statute § 48.193, provides a basis for personal jurisdiction. See Madara, 916 F.2d at 1514; Cable/Home, 902 F.2d at 855; Hoechst Celanese, 896 F. Supp. at 1192. If it does, the Court next determines whether there are sufficient minimum contacts between the defendant and the forum state so as not to offend "traditional notions of fair play and substantial justice" under the Due Process Clause of the

---

[4]Plaintiff has pled its claims of breach of contract and unjust enrichment in the alternative should the promissory notes be held invalid (Doc. No. 2, ¶¶18, 30, 42 and 54). A party can alternatively allege recovery under an express contract and seek equitable relief on the theory of unjust enrichment. See Shibata v. Lim, 133 F. Supp. 2d 1311, 1317 (M.D. Fla. 2000).

Fourteenth Amendment. Madara, 916 F.2d at 1514 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); Cable/Home, 902 F.2d at 855; Hoechst Celanese, 896 F. Supp. at 1192. "Only if both prongs are satisfied may the court exercise personal jurisdiction over a non-resident defendant." Wallack v. Worldwide Machinery Sales, Inc., 278 F. Supp. 2d 1358, 1365 (M.D. Fla. 2003).

On a motion to dismiss for lack of jurisdiction, the plaintiff bears the burden of proving personal jurisdiction over a non resident defendant. See Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 640 (11th Cir. 1996). "When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." Id.

### **III.** **Discussion**

Defendants move this Court to dismiss Plaintiff's claims against them[5] for lack of personal jurisdiction. Defendants contend they do not have sufficient contacts with the state of Florida to satisfy the due process requirements of personal jurisdiction. Specifically, Defendants claim "CSMG is not licensed to do business in Florida, does not file Annual Statements in Florida, does not pay premium taxes in Florida, does not own property in Florida, and does not have employees in Florida" (Doc. No. 3, ¶4). Robbins and Allison contend that they are not residents of the state of Florida and all actions taken by them in connection with the matters alleged in the Complaint were done in their capacity as officers of CSMG, and not in their individual capacity. Therefore, under the corporate shield doctrine they are not subject to the

---

[5]In their motion, Defendants seek a dismissal with prejudice. At the evidentiary hearing, counsel for Defendants clarified that they are not seeking dismissal with prejudice.

jurisdiction of the Florida courts (Doc. No. 3, ¶5). Defendants argue that the only Florida connection in this case is that Plaintiff, a Florida corporation, for $10.00, took assignment of the promissory notes at issue. Plaintiff claims that Florida has long-arm jurisdiction over Defendants pursuant to FLA. STAT. §48.193(1)(a) and (g) because Defendants conducted business in the state of Florida and were to pay the promissory notes in Florida.

### A.  Florida's Long-Arm Jurisdiction

In determining this Court's personal jurisdiction over Defendants, the Eleventh Circuit requires that this Court strictly construe Florida Statute § 48.193 to ensure compliance with due process requirements. See Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, 701 F.2d 889, 891 (11th Cir. 1983). Moreover, federal courts are required to construe Florida's long-arm jurisdiction statute as it is construed by the Florida Supreme Court. See id. at 890-91. Florida's long-arm statute provides, in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself, and if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

FLA. STAT. § 48.193(1)(a) and (g).

### 1.  CSMG Did Not Carry On a Business or Business Venture in Florida

To establish that Defendants were carrying on a business venture in the state, Plaintiff must prove Defendants' activities considered collectively showed a general course of business in

the state.  See Sculptchair, 94 F.3d at 627 (citing Dinsmore v. Martin Blumenthal Associates, Inc., 314 So. 2d 561, 564 (Fla. 1975)).  The evidence does not support Plaintiff's allegation that Defendants were conducting business in the state of Florida.

The promissory notes at issue in this case reflect loan transactions in which monies were lent by Stonegate, a Costa Rican trust company, to CSMG, a Texas corporation.  The individual guarantors of the notes reside in Texas and Oklahoma.  CSMG was introduced by Byrne, an independent investment advisor with offices in Texas, to GSG regarding GSC's obtaining financing for CSMG.  After initial communications via telephone, a representative from CSMG traveled to GSC's offices in Tampa, Florida on two occasions to meet with GSG regarding locating financing. Ultimately, GSG introduced CSMG to Stonegate who provided the financing.  These activities are insufficient to establish that CSMG was carrying on a business or business venture in Florida.  See University of South Florida v. Sherman & Shalloway, 1994 WL 143081, *2 (M.D. Fla. 1994); Jasper v. Zara, 595 So. 2d 1075 (Fla. 2d DCA 1992).

      2.      CSMG Did Not Breach a Contract in Florida

FLA. STAT. §48.193(1)(g) gives Florida courts jurisdiction over a non-resident when that party, "breach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state."  Plaintiff alleges that Defendants breached contracts that were to be performed in Florida.  Namely, Plaintiff contends that payment under the subject promissory notes and guarantees was due in Tampa, Florida.  This Court disagrees.

The promissory notes are silent as to where the payments are to be made, and do not state or imply that payments are due in Florida.  A debt is to be paid at the creditor's place of business in the absence of any express designation of the place of payment.  See Vacation Ventures, Inc. v.

Holiday Promotions, Inc., 687 So.2d 286, 289 (Fla. 5th DCA 1997); see also Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc., 615 So.2d 249, 250 (Fla. 3rd DCA 1993). The creditor is Stonegate and Stonegate is a Costa Rican trust company.  The fact that Defendants paid off the $21,000.00 promissory note by mailing the August 13, 2002 check, payable to Stonegate, to GSG's office in Tampa, Florida does not render payments under the promissory notes due in Florida.

       3.      Robbins and Allison Are Not Individually Subject to Florida's Long-Arm Statute

Under Florida law, the "acts of a nonresident corporate employee performed in his corporate capacity do not form the basis of jurisdiction over the employee in an individual capacity."  Schnetzler v. Cross, 688 So. 2d 445, 446 (Fla. 1st DCA 1997)(citing Doe v. Thomson, 620 So. 2d 1004).  Plaintiff has not established that any actions taken by Robbins or Allison in connection with the matters in the complaint were done in anything other than their corporate capacities.  Furthermore, execution of the personal guarantees by Robbins and Allison is not sufficient by itself to establish personal jurisdiction over Robbins and Allison.  See Renda v. Peoples Fed. Sav. & Loan Ass'n of Tarentem, Pennsylvania, 538 So. 2d 860, 863 (Fla. 1st DCA 1988); see also Tire Group Int'l, Inc. v. Confianca Mudancas & Transportes, 776 So.2d 1057, 1059 (Fla. 3rd DCA 2001).  Accordingly, Robbins and Allison are not individually subject to the jurisdiction of Florida.

For the reasons discussed above, this Court finds Defendants are not subject to Florida's long-arm jurisdiction pursuant to §48.193(1)(a) and (g) and therefore, the Court lacks personal jurisdiction over them.

### B.      Due Process Clause of the Fourteenth Amendment

A Florida court may exercise specific jurisdiction over a non-resident defendant when the defendant has sufficient minimum contacts with the forum state such that a court there may exercise jurisdiction over claims that "arise out of or are connected with the activities within the state" and the assertion of jurisdiction comports with fair play and substantial justice. Int'l Shoe, 326 U.S. at 319.   Here, even if this Court had found that Defendants' acts met the requirements of Florida's long-arm statute, personal jurisdiction would still not be proper under the facts of this case.

#### 1.      Minimum Contacts

As discussed above, this Court has found only two contacts with the state of Florida that are at least arguably connected to this cause of action.  First, a representative from CSMG traveled to Florida on two occasions to meet with GSG to discuss obtaining financing for CSMG.  Second, CSMG paid off the $21,000.00 promissory note by sending the August 13, 2002 check, payable to Stonegate, to GSG's office in Tampa, Florida..  The Defendants did not conduct business in the state of Florida and based on these two contacts could not have reasonably anticipated being haled into court in the state of Florida.

#### 2.      Traditional Notions of Fair Play and Substantial Justice

Although the state of Florida has some interest in accommodating its citizens in their suits against nonresident defendants, see Burger King v. Rudzewicz, 471 U.S. 462, 473 (1985)(quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220, 222-23 (1957)), there is nothing in the complaint to suggest that this is "one of those rare cases" in which notions of fair play and

substantial justice may, in and of themselves, establish personal jurisdiction over a non-resident defendant.  See Hoechst Celanese, 896 F. Supp. at 1197 (citing Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 116 (1986)(quoting Burger King, 471 U.S. at 476)(Brennan, J., concurring)).

Defendants' defense of the present action in Florida would be burdensome.  CSMG is a Texas corporation with its principal place of business in Corpus Christi, Texas.  CSMG does not have an office or representative located in Florida.  Robbins and Allison are residents of Texas and Oklahoma respectively.  While Plaintiff is a Florida corporation, it only took assignment of the promissory notes from Stonegate, a Costa Rican company, in August 2005 approximately one month before filing suit.  Finally, this case is in the initial stages of litigation and Defendants have not yet answered the complaint.  As such, dismissal of this case and initiation of suit in Texas or elsewhere would not unreasonably delay this case.

### III.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' motion to dismiss for lack of personal jurisdiction (Doc. No. 3) is **GRANTED**.  The Clerk is directed to **CLOSE** this case and **TERMINATE** all pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of May, 2006.

SUSAN C. BUCKLEW
United States District Judge